**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN LAMONT ELLIOTT,            :
                                 : Civil Action No. 04-265 (SDW)
          Petitioner,            :
                                 :
     v.                          : **OPINION**
                                 :
ROY L. HENDRICKS, et al.,        :
                                 :
          Respondents.           :


**APPEARANCES:**

    KEVIN LAMONT ELLIOTT, Petitioner Pro Se
    #219160/603539B
    Northern State Prison
    C-300 EAST #413
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    BARBARA A. ROSENKRANS, ESQ.
    Essex County Prosecutor's Office
    Essex County Courts Building
    Newark, New Jersey 07102
    Counsel for Respondents

**WIGENTON**, District Judge

This matter is before the Court on Petitioner Kevin Lamont Elliott's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.  PROCEDURAL BACKGROUND

Petitioner, Kevin Lamont Elliott ("Elliott"), was convicted by a jury trial on April 18, 1989, on charges of murder, third degree possession of a handgun without a permit, and second degree possession of a weapon for an unlawful purpose.  A judgment of conviction was entered on May 3, 1989, and Elliott was sentenced to an aggregate term of life imprisonment plus five years with a 30-year parole disqualifier.

Elliott filed a direct appeal from his conviction and sentence and exhausted all avenues of direct appellate relief on or about December 11, 1992, long before the Antiterrorism and Effective Death Penalty Act became effective on April 24, 1996.

On July 19, 1994, Elliott filed his first petition for post-conviction relief ("PCR"), which was denied by the state court on December 7, 1994.  Elliott appealed from the denial of post-conviction relief.  On November 17, 1997, the Appellate Division affirmed denial of the PCR petition.  On March 3, 1998, the New Jersey Supreme Court denied certification.

More than one year later, on September 9, 1999, Elliott filed his second state PCR petition.[1]  A public defender was

---

[1] Elliott admits in his petition papers that he filed his second state PCR petition on September 9, 1999.  This Court's review of attachments to Elliott's traverse or opposition to the respondents' answer shows that Elliott may have submitted an application to the state court as early as March 20, 1999, which may be construed as a second application for post-conviction relief.

assigned to represent Elliott on the second PCR petition, and assigned counsel filed a supplemental brief on July 8, 2000. The state court held an evidentiary hearing on November 27, 2000 and April 17, 2001. The second PCR petition was denied on July 18, 2001. The Appellate Division affirmed denial of the PCR petition on March 21, 2003. The Supreme Court of New Jersey denied certification on July 14, 2003.

Elliott filed this § 2254 petition on or about January 13, 2004. Respondents answered the petition on July 20, 2004. Elliott filed objections to the answer on December 7, 2004. At the same time, he also filed motions for evidentiary hearings on issues of probable cause, double jeopardy, and dismissal of the indictment.

## II.   STATEMENT OF CLAIMS

In his petition, Elliott raises numerous claims in support of his application for habeas relief, alleging ineffective assistance of counsel, prosecutorial misconduct, and trial court error in denying his motions to suppress the indictment, for recusal, for summary disposition, etc. See Petition at ¶ 12 (claims numbered 1-21).

The State answered the petition asserting several affirmative defenses. First, the State contends that the action is time-barred. Second, the State asserts that the petition is procedurally defaulted. Third, Elliott failed to exhaust each

claim in his petition, namely, the claim that his statement was taken in violation of the Fourth Amendment, that the trial court should have granted his summary disposition motion, and that the trial court should have dismissed the indictment. Finally, the State also argues that petitioner's claim lack substantive merit and should be denied accordingly.

### III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the

United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[3]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

---

[3]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

8

Here, Elliott's judgment of conviction became final on December 11, 1992, before the enactment of AEDPA. Thus, Elliott would have had one year from April 24, 1996, or until April 23, 1997, to timely file his federal habeas petition.

However, this Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before April 23, 1997, because Elliott had filed his first state PCR petition on or about July 19, 1994, and it remained pending until March 3, 1998, when the New Jersey Supreme Court denied certification on Elliott's appeal from denial of post-conviction relief. See Stokes, 247 F.3d at 542 ("the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)"). Therefore, the limitations period began to run on March 3, 1998 for one year until March 3, 1999. There was no further statutory tolling under § 2244(d)(2) when Elliott filed his second state PCR petition because the petition was filed after the one-year limitations period expired on March 3, 1999.[4]

---

[4] The Court notes a discrepancy between the parties as to the actual date when the second state PCR petition may have been filed. Both the State and petitioner admit that the second PCR petition was filed on September 9, 1999, which would be six months after the one-year limitations period expired on March 3, 1999. However, petitioner submits documents that show he attempted to file some sort of state PCR petition on or about

The second PCR petition remained pending in state court until the New Jersey Supreme Court denied certification on appeal from denial of relief on July 14, 2003. Elliott filed this habeas petition about six months later on January 13, 2004, well beyond the March 3, 1999 expiration date.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during

---

March 20, 1999. Giving the petitioner the benefit of all favorable inferences, as a pro se litigant, the Court will use the earlier of the two dates, March 20, 1999, but this earlier date still does not serve to toll the limitations period because it was filed after the limitations period had expired on March 3, 1999.

10

which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)). Consequently, Elliott's habeas petition is time-barred.

Additionally, this Court finds that Elliott offers no legitimate excuses, extraordinary or otherwise, for equitable tolling under these circumstances.[5] At best, it would appear that Elliott miscalculated the statutory period when he failed to

---

[5] Elliott cannot demonstrate that he was prevented from filing his claims in a timelier manner. Petitioner argues that the juvenile waiver transcripts constitute newly discovered evidence and warrant a reversal of his conviction. The State counters that the evidence in the record shows that Elliot did not request these transcripts until 1998 or 1999, more than eleven years after jurisdiction transferred from family court to the Law Division, Criminal Part, Essex County. Thus, any inability to reconstruct the record with respect to this claim is due to Elliott's own delay in pursuing such a claim, and not the State. Furthermore, given the age of petitioner at that time (only two months before his 18th birthday), the severity of the crime for which he was charged (murder), and Elliott's confession, it is highly improbable that the Family Court would not have waived jurisdiction to the Law Division. See N.J.S.A. 2A:4A-26a; State v. R.G.D., 108 N.J. 1, 9 (1987)(there is a strong presumption for the Family Part to waive jurisdiction to the Law Division if the State proves that the juvenile is 14 years of age or older, and that probable cause exists to believe that the juvenile committed a Chart 1 offense, such as murder). Finally, by the time Elliott sought to request these juvenile waiver transcripts, his limitations period had expired. In any event, even if this Court were to consider, for arguments' sake, that the second state PCR was filed on the eve of the expiration of the one-year limitations period, Elliott did not file his federal habeas petition until six months after the New Jersey Supreme Court denied certification on appeal from denial of the second state PCR petition, well out of time at that point.

11

count the time his limitations period began to run after his first state PCR petition became final and before he filed his second state PCR petition, which did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2).  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  <u>Fahey</u>, 240 F.3d at 244.  Moreover, even if Elliott was ignorant of the fact that the limitations period began to run on March 3, 1998 when denial of his first PCR petition conviction became final, ignorance of the law, even for an incarcerated <u>pro se</u> petitioner, generally does not excuse prompt filing.  <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a <u>pro se</u> prisoner misreads the law.  <u>Delaney v. Matesanz</u>, 264 F.3d 7, 15 (1st Cir. 2001); <u>see also</u> <u>Jones</u>, 195 F.3d at 159-60.  Accordingly, Elliott does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations, and his habeas petition should be dismissed accordingly as time-barred.

## IV.  <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of appealability should issue.  <u>See</u> Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability

only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will dismiss the petition accordingly. In addition, the Court will

dismiss petitioner's motions for evidentiary hearings (Docket Entry Nos. 16, 17, & 18) as moot.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

                                        s/Susan D. Wigenton, U.S.D.J.

Dated: February 7, 2007